IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

### APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT

I, Scott H. Helton, United States Postal Inspector, do hereby swear and affirm the

following facts as being true to the best of my knowledge, information, and belief:

1.      I am a Postal Inspector employed by the United States Postal Inspection Service

(Inspection Service) assigned to the Seattle Division. The Seattle Division has

responsibility for Inspection Service investigations in Alaska, Washington,

Montana, Idaho, and Oregon. I have been employed by the Inspection Service

for ten years. I am currently assigned to the Portland, Oregon Domicile. As part

of my duties, I investigate the illegal mailing of prohibited substances, including

controlled substances and proceeds from the sale of controlled substances. I am

an investigative or law enforcement officer of the United States within the

meaning of 18 U.S.C. § 2510(7), in that I am empowered by law to conduct

investigations and to make arrests for federal offenses. My training and

experience includes a Bachelor of Science degree in Sociology and Criminology

certificate from the University of Utah, a Doctorate of Jurisprudence degree from

Willamette University of College of Law, and 12 weeks of basic Postal Inspector

training. I am currently a member in good standing of the Oregon State Bar. As

a U.S. Postal Inspector, I am authorized to investigate crimes involving offenses

relating to the United States Postal Service (U.S.P.S.). During the course of my

employment with the Inspection Service, I have conducted or participated in

criminal investigations involving homicide, robbery, assault, burglary, mail theft,

identity theft, credit card fraud, bank fraud, wire fraud, mail fraud, the unlawful

mailing of dangerous controlled substances, the fraudulent use of stolen or forged

Postal Money Orders, and the fraudulent use of stolen credit card information to purchase merchandise, and the shipping of that merchandise through the U.S. Mail. I have applied for and received more than 50 search warrants in the investigation of offenses relating to the U.S.P.S. I have participated in executing more than 70 federal and state search warrants. As part of my duties, I investigate incidents where the United States mail system is used for the purpose of transporting non-mailable matter, including controlled substances such as marijuana, cocaine, methamphetamine and heroin, as well as proceeds of the sale of controlled substances, in violation of Title 18, United States Code, Sections 1716 and 1952(a)(1) and Title 21, United States Code, Sections 841(a) (1), 843(b), and 846.

2. Based on my experience, training and discussions with other law enforcement officers experienced in drug investigations, I know that certain indicators exist when persons use the United States Mails to ship controlled substances from one location to another. Indicators for parcels that contain controlled substances include, but are not limited to the following:

a. It is a common practice for the shippers of controlled substances and proceeds of the sale of controlled substances to use Express Mail because the drugs arrive faster and on a predictable date, and this system allows shippers to keep track of the shipment. With regards to Express Mail parcels, shippers pay for the benefit of being able to confirm the delivery of the parcel by checking the U.S. Postal Service Internet Website and/or calling a toll free number.

b. These parcels in many instances contain a fictitious return address, incomplete return address, no return address, the return address is same as the addressee address, or the return address does not match the place

where the parcel was mailed from. These packages are also sometimes addressed to or from a commercial mail receiving agency (i.e., UPS Store). These address practices are used by narcotics traffickers to hide the true identity of the person(s) shipping and/or receiving the controlled substances from law enforcement officials.

c. In order to conceal the distinctive smell of controlled substances from narcotic detector dogs, these packages tend to be wrapped excessively in bubble-pack and wrapping plastic, and are sometimes sealed with the use of tape around all the seams. Also, the parcels often contain other parcels which are carefully sealed to prevent the escape of odors. Sometimes perfumes, coffee, dryer sheets, tobacco or other smelling substances are used to mask the odor of the controlled substances being shipped.

d. When the shipper mails controlled substances from a particular area/state, the proceeds from the sale of these controlled substances may be returned to the shipper. Based on experience and discussions, there are known source states, where controlled substances are mailed from, including California, Oregon, Washington, Arizona, Texas and Illinois.

e. I know from training and discussions with other law enforcement officers that the following controlled substances are likely to be found during parcel interdictions: marijuana, methamphetamine, cocaine, LSD, psilocybin mushrooms, heroin, opium, and MDMA.

3. In this warrant application, I seek this Court's authority to open and search the contents of one first class letter addressed to "Christoper & Aaliyah Faulk, 8519 Jennifer Drive Apt . #B, Juneau, AK 99801" with a return address of "Mr. Brandon Padello, 7238 Clear Range Ave, Las Vegas, NV 89178." The parcel

was mailed on July 30, 2013 from Las Vegas, Nevada. The letter is eight inches by five and one half inches and weighs approximately three ounces, and is consistent with a greeting card. I seek the Court's authority to search the parcel for controlled substances in violation of Title 21 U.S.C. Sections 841(a)(1) and 843(b) and Title 18 U.S.C. Section 1716.

Relevant Facts Pertaining to One First Class Letter Addressed to Christoper & Aaliyah Faulk

4.  On August 3, 2013, Det. L. Phelps of the Juneau Police Department telephoned me and told me that an informant had given him information regarding a piece of mail mailed from Las Vegas to Juneau that contained methamphetamine. Det. Phelps told me that the informant related to him that the mailing from Las Vegas was mailed from an individual named "Brandon" and was mailed to "Chris Faulk" at "8519 Jennifer Drive Apartment B, Juneau, Alaska 99801."

5.  On August 3, 2013, I checked mail being delivered to 8519 Jennifer Drive, Apartment B, Juneau, Alaska 99801 and found that there were no parcels and only bulk mail letters for delivery at that address.

6.  On August 5, 2013, I learned that there was one first class letter addressed to "Christoper & Aaliyah Faulk, 8519 Jennifer Drive Apt . #B, Juneau, AK 99801" with a return address of "Mr. Brandon Padello, 7238 Clear Range Ave, Las Vegas, NV 89178" that was to be delivered. I noted that the information provided to Det. Phelps was accurate and timely.

7.  I examined the letter and felt the exterior of the letter and detected the feel of bulges in the letter consistent with bindles (small gram quantities of illegal drugs) in the middle of the letter.

8.  Det. Phelps told me that on May 14, 2013 a Juneau citizen named James Young went to the Juneau Police Department and told police that he recently purchased

a mobile phone he found on sale on Craigslist. The seller of the phone was Olivia Olsen. Detective Phelps told me that Olivia Olsen and Christopher Faulk have a daughter named Aaliyah. James Young told police that he met Olivia Olsen in a parking lot at Superbear in Juneau, Alaska and paid Olsen $230 for the mobile phone, a Samsung Gallxy IIIS serial number R21C76QHX8H. James Young told police that Olivia Olsen did not erase any of the text information on the phone and when James Young activated the phone he found text messages from different people to Christopher Faulk that appeared to be related to drug distribution. James Young gave the phone to Juneau Police, and the phone was entered into evidence. Det. Phelps told me he reviewed the phone and confirmed it belonged to Christopher Faulk.

9.    On August 5, 2013, I examined the Samsung Gallxy IIIS serial number R21C76QHX8H and saw that Brandon Padello was a listed contact in the phone with a phone number of 702-482-000. I know that 702 is an area code assigned to the Las Vegas area.

10.    On August 5, 2013, I reviewed text messages on Samsung Gallxy IIIS serial number R21C76QHX8H, and saw several text messages related to buying and selling illegal drugs, including the following:

> 14:19, Apr 15, 2013, From: Chris Faulk 907-209-6769, To: Fag Boy 907-209-5486 – "Any clear for sale? Got a friend here looking"
>
> 14:23, Apr 15, 2013, From: Fag Boy 907-209-5486, To: Chris Faulk 907-209-6769, "Grabbing bunch at this exact moment that just literally arrived."
>
> 14:28, Apr 15, 2013, From: Fag Boy 907-209-5486, To: Chris Faulk 907-209-6769, "Got $50 ETA? Could pitch another $50 for a whole but not sure if can afford it, have you talked to Phao?"

11.     I know from my training and experience that "clear for sale" refers to crystal
        methamphetamine for sale and that  "Got $50 ETA?" refers to the buyer having
        $50 to spend and "ETA" is an inquiry for the time of arrival of the seller of the
        methamphetamine.  I further know that $50 will purchase 0.1 grams of
        methamphetamine in Juneau Alaska at current prices and is a common personal
        usage amount.

12.     While reviewing the Samsung Gallxy IIIS serial number R21C76QHX8H, I also
        saw the following exchange:

                16:27, Apr 13, 2013, From: Chris Faulk 907-209-6769, To: Jerome
                LaRue 907-723-0340 "How much green you got left?"

                16:28, Apr 13, 2013, From: Chris Faulk 907-209-6769, To: Jerome
                LaRue 907-723-0340 "Maybe get lucky"

                16:28, Apr 13, 2013, From: Jerome LaRue 907-723-0340, To: Chris
                Faulk 907-209-6769 "Half o"

13.     I know from my training and experience that "green" refers to marijuana and that
        "Half o" refers to half an ounce.  I also know from my training and experience
        that $20 will purchase 0.1 grams of marijuana at current prices, which is a
        common personal usage amount.

14.     Det. Phelps told me a search of Juneau Police records revealed showed that in
        November 2007 Christopher Faulk admitted to Police that he brought cocaine
        from Anchorage to Juneau on airline flights on three separate occasions.

15.     Det. Phelps told me that on May 5, 2011, and on April 23, 2013, neighbors of
        Christopher Faulk who live near 8519 Jennifer Drive Apt. B, Juneau, Alaska
        99801, reported to police that there was frequent traffic at the apartment where
        visitors would visit the apartment for a short time, leave the apartment at all
        hours.  I know that frequent foot traffic to a residence at all hours is one indicator

of illegal drug sale activity.

16. Det. Phelps told me that Zach Gray, a resident of Juneau, Alaska reported to Juneau Police on February 24, 2010 he sold cocaine he purchased from Christopher Faulk several years prior, and that Christopher Faulk still owed him $3,000.

17. On August 5, 2013, I reviewed a criminal history report for Christopher Faulk, and learned that he was arrested and charged for possession of drug paraphernalia a class C felony in Honolulu, Hawaii, on December 17, 2007.

18. On August 5, 2013, I contacted Alaska State Trooper L. Dur'an, who is a certified controlled substance detection dog handler. The first class letter addressed to "Christoper & Aaliyah Faulk, 8519 Jennifer Drive Apt . #B, Juneau, AK 99801" was examined by Trooper Dur'an's canine partner Justice and Trooper Dur'an told me that Justice did not indicate the presence of the order of a controlled substance when he examined the first class letter addressed to "Christoper & Aaliyah Faulk, 8519 Jennifer Drive Apt . #B, Juneau, AK 99801".

19. Based on my training and experience as a Postal Inspector and the aforementioned factors, your affiant believes there is probable cause to believe that the subject package contains controlled substances, and/or other evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 843(b), and Title 18, United States Code, Section 1716.

FURTHER AFFIANT SAYETH NAUGHT.

**Signature Redacted**

Scott H. Helton
Postal Inspector

Subscribed and sworn to
before me, this 6th day of
August 2013.

**Signature Redacted**

U.S. MAGISTRATE JUDGE